Matthew C. Wolf (SBN 223051)
Lauren VanDenburg (SBN 299957)
Liana Wong (SBN 347015)
TURNER HENNINGSEN WOLF & VANDENBURG, LLP
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Tel: 323-653-3900
Fax: 323-653-3021
mwolf@thwvlaw.com; lvandenburg@thwvlaw.com;
lwong@thwvlaw.com

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DINA BAE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-7941<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTION 1441(a) BASED ON DIVERSITY JURISDICTION; DECLARATION OF MATTHEW C. WOLF** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Jaguar Land Rover North America, LLC (hereinafter "JLRNA") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), based on diversity jurisdiction under 28 U.S.C. § 1332.

## I.  PRELIMINARY MATTERS

1. On August 21, 2023, Plaintiff Dina Bae ("Plaintiff") filed this lawsuit (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, Case No. 23STCV19997 and entitled *Dina Bae v. Jaguar Land Rover North America, LLC*.  A true and correct copy of the Summons, Complaint and all related process, are attached to the concurrently filed Declaration of Matthew Wolf ("Wolf Decl.") as Exhibit "1."

2. JLRNA was served with the Complaint on August 22, 2023, through its registered agent for service of process.  JLRNA filed its Answer to the Complaint on September 18, 2023. Wolf Decl., Ex. 2.

3. A true and correct copy of the Purchase Agreement is attached to the Wolf Decl. as Exhibit "3." This Notice of Removal is timely because it is filed within 30 days of the first time JLRNA received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b). Specifically, this Notice of Removal is filed within 30 days of JLRNA first received the Purchase Agreement. Wolf Decl., ¶5.

## II.  NATURE OF THE CASE

4. The Complaint alleges causes of action relating to the purchase of a 2022 Land Rover Range Rover Sport, Vehicle Identification Number SALWV2SE2NA221223 on or about April 2022.  *See* Complaint, ¶8.

5. The Complaint alleges two causes of action against JLRNA, including under the Song-Beverly Consumer Warranty Act.

6. As detailed below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the action is one which may be removed to this Court by JLRNA pursuant to 28 U.S.C. § 1441(a) because it involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## III. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

### A. Complete Diversity Exists.

7. The Court has original jurisdiction of this civil action based on 28 U.S.C. § 1332 because Plaintiff is of different citizenship than JLRNA. Pursuant to 28 U.S.C. § 1441(a), JLRNA may remove the case to this Court because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of the Complaint or the fact of diversity is disclosed in the pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8. JLRNA is informed and believes that, at the time the Complaint was filed and at the time of this Notice, Plaintiff was a U.S. citizen domiciled in the State of California. *See* Complaint, ¶1. For diversity of jurisdiction purposes, a natural person is a citizen of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Here, Plaintiff's own allegation of residence, taken as true as it must, is prima facie evidence of domicile. *See, State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also,* Judge Beverly Reid O'Connell, et al., *California Practice*

*Guide: Federal Civil Procedure Before Trial* ¶ 2:1251 (The Rutter Group 2017).

9. Defendant JLRNA is, and at all times relevant was, a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). JLRNA has a single member, Jaguar Land Rover Limited. Jaguar Land Rover Limited is a private company limited by shares. Jaguar Land Rover Limited was incorporated in England and Wales, and its principal place of business is the United Kingdom with its registered office in Coventry, England. Jaguar Land Rover North America, LLC is not, and was not at any relevant time, a citizen of the State of California.

10. Diversity among the parties to this action existed at the time the action was commenced in state court and at the time of removal.

11. The Complaint also names defendants Does 1 through 50. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded for removal purposes.

12. Accordingly, complete diversity exists, and there are no other named defendant that can defeat a finding of diversity.

**B. The Amount in Controversy Requirement is Satisfied.**

13. Plaintiff seeks a wide variety of remedies, including: general, special, and actual damages, incidental damages according to proof, rescission of the purchase contract and restitution of all monies expended, for diminution in value, for incidental and consequential damages according to proof, civil penalty in the amount of two times Plaintiff's actual damages, prejudgment interest at the legal rate, reasonable attorney's fees per statute and costs of suit, and other and further relief as the Court may deem just and proper. *See* Complaint, Prayer for Relief, p. 6-7.

14. The total payment for the vehicle is $161,789.04. *See* the Sales Agreement is attached to the Wolf Decl. as Exhibit "3." The amount in controversy

includes Plaintiff's payments for the vehicle ($161,789), plus Plaintiff's demand for civil penalties in the amount of two times Plaintiff's actual damages, plus Plaintiff's demand for attorneys' fees and costs. *See* Complaint, Prayer for Relief, p. 6-7; Wolf Decl., Ex. 3. Thus, Plaintiff's claims for compensatory damages and attorneys' fees causes the amount in controversy to exceed the $75,000 jurisdictional requirement.

## V.     ADDITIONAL GROUNDS FOR REMOVAL

15.     This Notice of Removal is filed within 30 days of the first time JLRNA received notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. § 1446(b). Wolf Decl., ¶5. The Complaint did not specify a purchase price or an amount in controversy. This Notice of Removal is filed within 30 days of JLRNA first obtaining a copy of Plaintiff's purchase agreement. *Id*. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

16.     The United States District Court for the District of California, Western Division, is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles, where the Superior Court Action is pending. Thus, venue is proper under 28 U.S.C. § 1441(a).

17.     Counsel for JLRNA certifies it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of the same to counsel for Plaintiff pursuant to 28 U.S.C. § 1446(d).

18.     This Removal is based upon the concurrently filed Declaration, attached Exhibits and any other matters which the Court deems applicable.

19.     Should Plaintiff file a motion to remand this case, JLRNA respectfully requests an opportunity to respond more fully in writing.

20.     JLRNA will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. § 1441(d).

## V.     CONCLUSION

21.     Removal of this action is proper under 28 U.S.C. § 1441 because there is

complete diversity between Plaintiff and Defendant JLRNA, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

THEREFORE, JLRNA, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, prays that this action be removed from the Superior Court of the State of California for the County of Los Angeles to the Central District of California, Western Division.

Dated:  September 22, 2023          TURNER HENNINGSEN WOLF & VANDENBURG, LLP

By: /s/ Matthew Wolf
Matthew Wolf

Attorneys for Defendant
JAGUAR LAND ROVER NORTH AMERICA, LLC

# DECLARATION OF MATTHEW WOLF

I, Matthew C. Wolf, declare as follows:

1. I am an attorney at the law firm Turner Henningsen Wolf & VanDenburg, LLP. I am counsel for Defendant Jaguar Land Rover North America, LLC in this action. I have personal knowledge of the matters set forth herein and if called, I could and would competently testify thereto, under oath.

2. Attached hereto as Exhibit "1" is a complete copy of the complaint and process filed in Los Angeles County Superior Court on August 21, 2023 and served on August 22, 2023.

4. Attached hereto as Exhibit "2" is a complete copy of the Answer filed in Los Angeles County Superior Court on September 18, 2023.

5. Attached hereto as Exhibit "3" is true and correct copy of the purchase agreement. Defendant first received a copy of the sales agreement on August 24, 2023 when Plaintiff received the sales agreement from the Plaintiff Council. Prior to August 24, 2023, Defendant did not have information sufficient to determine the amount in controversy.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Los Angeles, California on September 22, 2023.

/s/ Matthew Wolf
MATTHEW C. WOLF